IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01146-BNB

JONATHAN WOODSTOCK,

Plaintiff,

v.

MIKE BERGONDO,
CAROL BROWN,
PAUL LARSON,
TRACY SWINDLER,
KATHLEEN BOYD,
JOHN DOE 1 THRU 25, and
JANE DOE 1 THRU 25,

Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Jonathan Woodstock, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the San Carlos Correctional Facility in Pueblo, Colorado. He submitted *pro se* a Prisoner Complaint (ECF No. 1) and an amended Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 8). Mr. Woodstock has been granted leave to proceed pursuant to § 1915.

The Court must construe Mr. Woodstock's complaint liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Woodstock will be directed to file an amended complaint.

Mr. Woodstock's complaint is difficult to read because the handwriting is small and dense. Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible. *See* D.C.COLO.LCivR 10.1E. and G. The amended complaint Mr. Woodstock will be directed to file, whether handwritten or typed, shall be double-spaced and legible, in capital and lower-case letters, in compliance with D.C.COLO.LCivR 10.1E. and G.

The amended complaint also must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

The complaint Mr. Woodstock filed is verbose, unnecessarily repetitive, fails to clarify which claim is asserted pursuant to which statute, and fails to demonstrate clearly

and succinctly the personal participation of each named defendant in the alleged constitutional violations. Mr. Woodstock asserts four Eighth Amendment claims of deliberate indifference to his serious medical needs, each of which concerns the alleged lack of post-emergency-room medical treatment for a hernia he contends he received through an attack by two co-inmates on January 25, 2012. Instead of concisely identifying the alleged constitutional violations and the individuals and their acts responsible for these alleged violations, he repeats the same claim against different defendants.

Specifically, Mr. Woodstock complains the unnamed prison physician and nurse practitioner Defendant Kathleen Boyd refuse to provide him with proper pain medication for his hernia and a replacement for the hernia belt confiscated by Lieutenant Tracy Swindler, and apparently have told him surgery is not an option until the hernia becomes life threatening. He complains his job as cart pusher exacerbates the hernia, and Defendants Carol Brown and Paul Larson will not reassign him or provide him with a special work accommodation. He fails to make any allegations against Defendant Mike Bergondo. Finally, Mr. Woodstock alleges he also suffered an orbital fracture, bruised ribs, and sprained foot in the co-inmate attack, and does not challenge his medical treatment for these injuries, although he does note the DOC failed to take him to a specialist as recommended for his orbital fracture.

Generally, Mr. Woodstock fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts

upon which relief can be granted upon any legally sustainable basis." *Id.*

Mr. Woodstock must present his claims in a manageable and readable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Woodstock must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. The Court does not require a long, chronological recitation of facts. Nor should the Court or defendants be required to sift through Mr. Woodstock's verbose allegations to locate the heart of each claim. The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In the amended complaint he will be directed to file, Mr. Woodstock must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Woodstock must show how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations he or she causes. *See Dodds v.*

*Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010).

Mr. Woodstock may use fictitious names such as "John or Jane Doe" if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Woodstock uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service. Generally suing John and Jane Does 1 through 25 fails to provide sufficient information about how each unnamed individual caused the deprivation of a federal right.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and D.C.COLO.LCivR 10.1. Mr. Woodstock will be given an opportunity to cure the deficiencies in his complaint by submitting a legible amended complaint that asserts claims clearly and concisely in compliance with Fed. R. Civ. P. 8, asserts which claims are asserts pursuant to which statute, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations.

Accordingly, it is

ORDERED that Plaintiff, Jonathan Woodstock, **within thirty (30) days from the date of this order**, file an amended complaint that complies with this order. It is

FURTHER ORDERED that Mr. Woodstock shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use that

form in submitting the amended complaint. It is

FURTHER ORDERED that, if Mr. Woodstock fails to file an amended complaint that complies with this order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED May 13, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge