IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13–cv–01146–REB–KMT

JONATHAN WOODSTOCK,

    Plaintiff,

v.

KATHLEEN BOYD,
MS. SPANOZI,
MR. HODGE,
MS. MARTIN,
SHARRON PHILLIPS,
PAUL LARSON, and
CAROL BROWN,

    Defendants.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

    This case comes before the court on Plaintiff's failure to respond to the Order to Show Cause regarding his failure to timely serve Defendant "Ms. Martin." (Doc. No. 41, filed Nov. 7, 2013.) Pursuant to Fed. R. Civ. P. 4(m)

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiff filed his Amended Prisoner Complaint on June 21, 2013. (Doc. No. 15.) Because he was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 (*see* Doc. No. 7), Plaintiff is entitled to have the United States Marshals Service serve process on his behalf, *see* 28 U.S.C. § 1915(d). On July 11, 2013, a waiver of service was filed on behalf of Defendants Boyd, Spanozi (correctly spelled, and hereinafter referred to as Defendant "Spinuzzi"),[1] Hodge, Phillips, Larson, and Brown. (Doc. No. 20.) The waiver explicitly provided, however, that service was not waived and accepted as to Defendant "Ms. Martin" because Plaintiff had not provided "enough information [] to identify this defendant." (*Id.*)

More than 120 days have elapsed since Plaintiff filed his Amended Complaint and service has not been effectuated on Defendant Martin. Although Plaintiff is entitled to have service executed by the Marshals Service, Plaintiff must provide the court with the proper information to locate and identify Defendant Martin before she can be required to answer to this lawsuit. On November 7, 2013, the court ordered Plaintiff to show cause in writing, on or before November 26, 2013, why his claims against Defendant Martin should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for lack of service. (Doc. No. 45.) Plaintiff has not responded to the Order to Show Cause to provide further information about Defendant Martin's identity or location.

---

[1] An Amended Waiver of Service was filed on July 16, 2011 to correct that service could not be waived and accepted for Defendant Spinuzzi because she is not a CDOC employee. (Doc. No. 21.)

Rule 4(m) authorizes the court to dismiss a case against unserved defendants unless the plaintiff can show good cause for his failure to serve. Here, Plaintiff has failed to provide good cause for his failure to serve Defendant Martin.

WHEREFORE, for the foregoing reasons, I respectfully

RECOMMEND that Plaintiff's claims against Defendant "Ms. Martin" be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for lack of service.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude

application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 19th day of December, 2013.

BY THE COURT:

_____
Kathleen M Tafoya
United States Magistrate Judge